# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-1497

_____

United States of America,       *
                               *

     Plaintiff - Appellee,     *
                               *    Appeal from the United States

v.                      *    District Court for the
                               *    Western District of Arkansas.

Miguel Granados-Gonzalez, also  *
known as Perfecto Granados-Gonzalez, *    **[UNPUBLISHED]**
                               *

     Defendant - Appellant.    *

_____

Submitted: June 20, 2005
Filed: July 29, 2005

_____

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and COLLOTON,
    Circuit Judges.

_____

PER CURIAM.

Miguel Granados-Gonzalez pleaded guilty to the charge of illegally reentering the United States after being convicted of an aggravated felony and deported, a violation of 8 U.S.C. §§ 1326(a) and (b)(2). The Presentence Investigation Report recommended an eight-level increase because Granados-Gonzalez was previously deported after an aggravated felony conviction. See U.S.S.G. § 2L1.2(b)(1)(C). The sentencing hearing was held two weeks after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). The district court overruled Granados-Gonzalez's objection to the eight-level enhancement, which resulted in an advisory

guidelines sentencing range of 30-37 months in prison. The district court then reviewed the sentencing factors in 18 U.S.C. § 3553(a) and concluded that a sentence at the bottom of the advisory range, thirty months in prison, was reasonable.

On appeal, Granados-Gonzalez argues that the district court erred by using the eight-level enhancement to determine the advisory guidelines sentencing range because Booker and Shepard v. United States, 125 S. Ct. 1254 (2005), implicitly overruled the decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the fact of a prior conviction may be found by the sentencing judge and need not be admitted by the defendant nor proved to a jury beyond a reasonable doubt. Here, there is a serious question whether Granados-Gonzalez's guilty plea admitted the fact of a prior aggravated felony conviction. But we need not decide that question because as a panel we are obliged to follow our numerous post-Booker decisions holding that Almendarez-Torres continues to be controlling law on this issue. See, e.g., United States v. Bach, 400 F.3d 622, 634 (8th Cir. 2005).

Granados-Gonzalez does not separately argue that his sentence is unreasonable if, as we have concluded, the district court correctly determined his guidelines sentencing range. In any event, we are satisfied from our review of the sentencing record that a thirty-month sentence is reasonable under Booker. Accordingly, the judgment of the district court is affirmed.

_____